# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSE ACOSTA,

                 Plaintiff,

    v.

NIRMAL SINGH GILL dba ARCO GAS &
FOOD MART, et al.,

                Defendants.

_____/

Case No. 1:17-cv-00262-LJO-SKO

**ORDER ON PLAINTIFF'S MOTION TO
COMPEL DEFENDANTS TO RESPOND
TO DISCOVERY AND FOR SANCTIONS**

(Doc. 51)

## I.    INTRODUCTION

On March 15, 2018, Plaintiff Jose Acosta ("Plaintiff") filed a Motion to Compel Defendants to Respond to Discovery and for Sanctions (the "Motion") (Doc. 51), alleging that Defendant Nirmal Singh Gill dba Arco Gas & Food Mart, Defendant Navdeep Singh dba Arco Gas & Food Mart, Defendant Melvin C. Armey, and Defendant Carol L. Gano have completely failed to respond to Plaintiff's interrogatories and document requests.  On April 4, 2018, Defendants Armey and Gano ("Tenant Defendants") filed an opposition, indicating that Plaintiff's counsel has not attempted to meet and confer about this issue with new counsel for Tenant Defendants and that Tenant Defendants would provide responses to the requested discovery following a meet and confer.  (Doc. 53.)  On April 6, 2018, Plaintiff filed a reply.  (Doc. 54.) Defendants Gill and Singh ("Landlord Defendants"), who are proceeding *pro se*, have not filed an

opposition to the Motion.

The Court has reviewed the parties' submissions and determined, pursuant to Rule 230(g) of the Local Rules of the United States District Court, Eastern District of California, that the matter was suitable for decision without oral argument. The Court accordingly vacated the motion hearing. (Doc. 55.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On February 23, 2017, Plaintiff commenced this action, presenting claims of disability-access discrimination. (Doc. 1.) On December 11, 2017, Plaintiff filed an amended complaint alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; California's parallel Unruh Act, California Civil Code § 51 *et seq.*; and the California Health and Safety Code § 19953. (*See generally* Doc. 24.) In particular, Plaintiff alleges that, in January 2017, he visited the property that is the subject of this suit, Arco Gas & Food Mart, and encountered numerous barriers inside and outside the facility that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered there. (*Id.*) On December 12, 2017, Plaintiff propounded interrogatories and requests for production of documents on Defendants. (Doc. 51-2, Best Decl. ¶¶ 8-15; Exs. A-H.) On January 8, 2018, Defendants filed an answer to the amended complaint. (Doc. 25.)

On January 16, January 23, January 25, and January 26, 2018, Plaintiff's counsel, Zachary M. Best, Esq., communicated with counsel for Defendants, Bruce A. Neilson, Esq., (who, at the time, represented Tenant Defendants and Landlord Defendants) "about the outstanding discovery," and Defendants' counsel "advised that he was checking with his clients, but no progress was made." (Doc. 51-2, Best Decl. at ¶ 16.) On January 26, 2018, Plaintiff's counsel contacted the Court, indicating that Tenant Defendants and Landlord Defendants had failed to respond to interrogatories and document production requests, and requesting an informal discovery dispute conference to resolve the issue. On February 2, 2018, the Court issued a stipulated order amending the schedule to allow time for the parties to resolve the issues regarding discovery. (Doc. 33; *see also* Docs. 30, 32.)

On February 5, 2018, Defendants' counsel filed a motion to withdraw as attorney for Tenant Defendants and Landlord Defendants (Doc. 37), and on February 7, 2018, Plaintiff filed a motion to compel Tenant Defendants and Landlord Defendants to respond to discovery and for sanctions (Doc. 39).  On February 20, 2018, the Court granted Mr. Neilson's motion to withdraw as counsel for Tenant Defendants and Landlord Defendants, and denied without prejudice Plaintiff's motion to compel Tenant Defendants and Landlord Defendants to respond to discovery and for sanctions.  (Doc. 47.)  Tenant Defendants have retained new counsel, and Landlord Defendants are proceeding *pro se*.  To date, neither the Landlord Defendants nor the Tenant Defendants have provided responses to Plaintiff's discovery requests.  (Doc. 51-2, Best Decl. ¶ 18.)

### III.     DISCUSSION

**A.     Motion to Compel Discovery Responses as to Tenant Defendants**

In their opposition to Plaintiff's Motion, Tenant Defendants indicate that Plaintiff's counsel has not yet attempted to meet and confer with new counsel for Tenant Defendants since new counsel entered in the case.  (Doc. 53.)  Plaintiff contends that "no meet and confer is required under Local Rules when there is a total failure to respond to discovery."  (Doc. 54 at 2 (citing *Brownfield, et al. v. Flowers Baking Co. of Cal., LLC, et al.*, No. 2:15-cv-2034, 2016 WL 6988679 (E.D. Cal. Nov. 28, 2016)).)  Rule 251 of the Local Rules of the United States District Court, Eastern District of California requires any "motion made pursuant to Fed. R. Civ. P. 26 through 37 and 45 . . . shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement."  E.D. L.R. 251(b).

Here, as the parties agree, Plaintiff has not yet attempted to meet and confer with new counsel for Tenant Defendants regarding Tenant Defendants' responses to Plaintiff's discovery requests.  Plaintiff is not, however, absolved from Local Rule 251's meet-and-confer requirement.  When there has been a complete and total failure to respond to a discovery request, as Plaintiff indicates is the case here, Local Rule 251 excuses the aggrieved party only from submitting a joint statement regarding the discovery disagreement; *it does not excuse the aggrieved party from*

*meeting and conferring about the disagreement*. *See* E.D. L.R. 251(e) (emphasis added) ("The foregoing requirement re Discovery Disagreement shall not apply . . . when there has been a complete and total failure to respond to a discovery request or order . . . ."); *cf.*, *e.g.*, *Brownfield*, 2016 WL 6988679, at *1 (exempting the aggrieved party from the meet-and-confer and joint statement requirements only after the parties had met and conferred on September 20, 2016, and "communicated directly" before the presiding judge on October 14, 2016). At this time, Plaintiff has not fulfilled the requirements of Local Rule 251 to meet and confer prior to the filing of this type of motion. Accordingly, Plaintiff's Motion to Compel is DENIED without prejudice as to Tenant Defendants.

**B.     Motion to Compel Discovery Responses as to Landlord Defendants**

To date, *pro se* Landlord Defendants have not responded to Plaintiff's Motion. As such, the Court will now turn to the issue of whether Plaintiff's Motion should be granted as to Landlord Defendants.

**1.     Plaintiff's Interrogatories**

Federal Rule of Civil Procedure 33(b)(1)(B)(2) requires that, unless otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Additionally, Rule 33(b)(1)(B)(3) and (5) require that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and under oath" and signed by the answering party. Pursuant to Rule 33(b)(1)(B)(4), any untimely objection to the interrogatory is waived, unless the court excuses the failure for good cause.

Plaintiff's Interrogatories were served on Landlord Defendants on December 12, 2017, and no responses were served within the agreed-upon deadline. (Doc. 51-2, Best Decl. ¶¶ 8-15, 18; Doc. 51, Exs. A, C.) As of March 15, 2018, despite numerous correspondences between Plaintiff's counsel and Landlord Defendants' former counsel, and between Landlord Defendants' former counsel and Landlord Defendants, no responses had been received and the discovery requests remain outstanding. (Doc. 25-2, Crosby Decl. ¶¶ 16, 18.) That is, three months have elapsed since Plaintiff served its discovery on Landlord Defendants and Landlord Defendants have not responded.

As such, the Court GRANTS Plaintiff's Motion as to the interrogatories as to Landlord Defendants, and orders Landlord Defendants to serve written responses to Plaintiff's Interrogatories on or before **May 3, 2018.** All objections to the Interrogatories have been waived.

### 2. Plaintiff's Request for Production of Documents

Pursuant to Federal Rule of Civil Procedure 34(a), a party may request production of documents. Rule 34(b)(2)(B) requires parties answering RFPs to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons" in each response. If the party to whom the request was directed fails to appropriately respond, Rule 37(a)(1) allows the requesting party to "move for an order compelling disclosure or discovery."

Plaintiff's RFPs were served on December 12, 2017, and no responses were received by the agreed-upon deadline; Landlord Defendants have also failed to respond to Plaintiff's counsel's inquiries requesting responses. (Doc. 51-2, Best Decl. ¶¶ 8-15, 18; Doc. 51, Exs. B, D.) As Landlord Defendants have failed to provide responses, the Court GRANTS Plaintiff's Motion as to the requests for production as to Landlord Defendants, and orders Landlord Defendants to serve responses to Plaintiff's RFPs on or before **May 3, 2018.** All objections to the RFPs have been waived. If Landlord Defendants determine that there are no documents responsive to any given RFP, they shall so state in a written answer to the RFPs.

## C. Motion for Attorney's Fees and Costs

Pursuant to Rule 37(a)(5)(A), if a motion to compel discovery responses is granted, and if the Court gives the non-responsive party an opportunity to be heard, then the court "must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Plaintiff requests attorney's fees in the amount of $857.50 (1.9 hours at a rate of $300 per four, totaling $570.00, and paralegal fees for 2.5 hours at a rate of $115 per hour, totaling $287.50). (Doc. 51 at 5; *see also* Doc. 51-2, Best Decl. ¶ 7.)

Local Rule 251(e) provides that a party responding to a motion to compel discovery "shall file a response . . . not later than seven (7) days before the hearing date." Landlord Defendants

were afforded an opportunity to be heard in opposition to Plaintiff's Motion and have failed to file any response whatsoever. (*See also* Rule 37 advisory committee's note, 1993 amendments (an opportunity to be heard includes both written submissions and oral hearings).) Plaintiff's Motion has been granted, and the Court must require Landlord Defendants to pay Plaintiff's reasonable attorney's fees for the Motion. Rule 37(a)(5)(A).

The Court finds that the 4.4 hours requested by Plaintiff for attorney's and paralegal fees in the preparation of this Motion, the prior motion that the Court denied without prejudice, and the informal discovery dispute conference related to the facts underlying this Motion are reasonable. *See, e.g., Lyon v. Bergstrom Law, Ltd.*, 1:16-cv-00401-DAD-SKO, 2016 WL 6522746, at *3 (E.D. Cal. Nov. 2, 2016) (finding five hours spent on a motion to compel responses to interrogatories and requests for production to be reasonable). Accordingly, the Court ORDERS Landlord Defendants to pay Plaintiff's reasonable attorney's fees in the amount of $857.50 (1.9 hours at $300 per hour and 2.5 hours at $115 per hour).

As the Court has denied without prejudice Plaintiff's Motion to Compel as to Tenant Defendants, the Court accordingly DENIES WITHOUT PREJUDICE Plaintiff's Motion for Sanctions as to Tenant Defendants. The Court further DENIES WITHOUT PREJUDICE Plaintiff's request for additional fees in the amount of $408.75 for time expended on filing its reply to Tenant Defendants' opposition, as Plaintiff's Motion to Compel with regard to Tenant Defendants was denied.

### IV.      CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's Motion to Compel Defendants Melvin C. Armey and Carol L. Gano to Respond to Discovery and for Sanctions (Docs. 51, 54) is DENIED WITHOUT PREJUDICE;

2.    Plaintiff and Defendants Melvin C. Armey and Carol L. Gano SHALL meet and confer regarding Plaintiff's discovery requests **by no later than April 27, 2018**;

3.   Plaintiff's Motion to Compel Defendants Nirmal Singh Gill dba Arco Gas & Food Mart, Navdeep Singh dba Arco Gas & Food Mart to Respond to Discovery and for Sanctions (Doc. 51) is GRANTED;

4.   Defendants Nirmal Singh Gill dba Arco Gas & Food Mart, Navdeep Singh dba Arco Gas & Food Mart are ORDERED to serve written responses to Plaintiff's Interrogatories and Requests for Production of Documents by **May 3, 2018**; and

5.   Defendant Nirmal Singh Gill dba Arco Gas & Food Mart, Navdeep Singh dba Arco Gas & Food Mart are ORDERED to pay Plaintiff's attorney, Zachary M. Best, Esq., of Mission Law Firm, A.P.C., reasonable attorney's fees in the amount of $857.50 within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated:   **April 17, 2018**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

7